# SUPPLEMENT.

## Abstracts of Decisions of the Supreme Court, rendered at the October Term, 1870.

HENRY HAMMOND *vs.* CATHARINE HARRISON.

Error to Van Buren Circuit.

*Opinion by* COOLEY, J.—September 10,1864, Hammond contracted to sell to Harrison an 80 acre lot in Van Buren Co., for $500—viz: $120 down, and balance in subsequent instalments. The contract was in writing and was signed and sealed on behalf of Mrs. Harrison by her husband, who had oral authority for the purpose. Harrison took possession, and cut and sold considerable timber, paid taxes for two years and gave contracts to two persons for the sale of parcels of the premises.— The legal title at the time the contract was entered into was in one Gordon, an insane person, of whom one Mickle was committee. T. W. Mizner acting as agent of Mickle, sold the lands to Hammond who purchased in good faith and in the belief that he was to obtain a good title. The conveyance however was not yet made. Harrison paid Hammond the whole purchase price except $103, and on September 14, 1866, tendered payment of this sum and demanded title, but Hammond having then discovered that Mickle had no authority as committee to make sale of lands in Michigan, declined on this ground to execute a deed, and Harrison then brought action for damages for breach of his contract to convey.

The defendant objected to oral proofs of the authority to plaintiff's husband to sign the contract, and the objection was overruled.

*Held*, that it was not essential that the contract should be

under seal, and an oral ratification of it afterwards was sufficient, and the subsequent ratification was so abundantly proved in this case that the error, if such it was, proved immaterial and the judgment will not be reversed for an error that was not productive of injury.

The plaintiff was allowed to prove by parol that she had paid certain taxes against the objection of defendant that the receipts were the better evidence.

*Held*, that the payment of a sum of money may always be proved by parol, whether a receipt was taken for it or not.

An objection was taken to evidence by plaintiff, to show sales of the land made by herself.

*Held*, that this evidence was competent for the purpose of showing a ratification of the purchase by plaintiff, which was the sole purpose for which it was received.

The main question discussed, was the proper measure of damages. The Court below ruled that plaintiff could recover " compensation for the loss and injury sustained by plaintiff in consequence of defendant's breach of contract, and that in estimating the damages upon this principle of compensation, the jury had the entire range from the amount that was paid on the contract to the highest value of the land that was proven at the time of the breach, less the amount unpaid upon the same."

*Held*, that the instruction given was correct as a general rule. But if the contract of sale was made in good faith, and the vendor for any reason is unable to perform, the clear weight of authority is that the vendee is limited in his recovery to the consideration money and interest, with perhaps in addition the cost of investigating the title. By this rule the measure of damages is made to conform to the rule where the party assumes to convey land which he does not own, and an action is brought against him on the covenants of title in his deed. The vendor's good faith is conceded in this case, and is clearly inferrable from the evidence. When, therefore, the Circuit Judge laid down a general rule which made the good faith of the defendant unimportant, and gives the vendee in every case a compensation for the loss of his bargain when for any reason the vendor fails to perform, he erred.

Judgment below reversed, and a new trial awarded.